## SOUTHEY *v.* McINTIRE.

TRUSTS AND TRUSTEES; FRAUD; LACHES.

Where at a deed of trust sale the property was bid off in the name of G. S., who was not present, but assented to the use of his name and subsequently conveyed the property to M. M., the sister of the deed of trust creditor, which conveyance he afterwards attempted to cancel by erasure of his name and by making a deed to E. T., in whose name a deed was then made to M. M., it was *held* in a suit by the grantee of the deed of trust debtor, that notwithstanding the fact that E. T. was a fictitious person fraudulently invented by the deed of trust creditor for purposes of his own, complainants had no equities entitling them to an annulment of the deed of trust sale, especially after the lapse of an unexplained delay of 15 years.

No. 468. Submitted December 4, 1895. Decided January 6, 1896.

HEARING on an appeal by the complainants from a decree dismissing a bill for an accounting and for the setting aside of the sale and conveyance of certain real estate as fraudulent. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Franklin H. Mackey, Mr. H. O. Claughton* and *Mr. Wm. W. Boarman* for the appellant.

*Mr. Enoch Totten* for the appellees.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is another of the suits against the defendants McIntire to set aside certain sales and conveyances of property alleged to have been fraudulently made. The sale in this case was made in December, 1876, under a valid deed of trust made by John Southey, in 1872, when he was the owner of the property, to secure a *bona fide* debt. He subsequently conveyed the same, subject to the unpaid

notes and trust deeds to the father of complainants, who died intestate before the bringing of this suit, the bill in which was filed March 10, 1891. It does not appear that Southey received any consideration for this conveyance, and there are some circumstances surrounding the transaction which tend to show that he made it with the intent to place it beyond the reach of certain creditors. There seems to be no doubt that the sale was regularly advertised and made at auction on the premises. The property was declared sold to one George W. F. Swartzell, who was a bookkeeper for the partnership of real estate brokers with which Edwin A. McIntire was connected. The notes secured by the trust deed either belonged to Edwin A. McIntire at the time, or to his sister Martha McIntire, who, he says, was the real owner.

Swartzell was not present at the sale, and his name was used for the benefit of Martha McIntire. The premises did not bring more than the amount due on the notes, together with the expenses of sale, if that much in fact. Swartzell immediately conveyed the property to Martha McIntire. Subsequently, at her request, through Edwin A. McIntire, he made a deed to " Emma Taylor," and undertook to cancel his unrecorded deed to Martha McIntire, by running his pen through the signature thereto. On May 31, 1884, a deed purports to have been made by said " Emma Taylor " to Martha McIntire, conveying the said premises upon a recited consideration of $2,500.

Notwithstanding the fact that there is no such person in existence as the " Emma Taylor " of the deeds aforesaid, we cannot reverse the decree dismissing the bill in this case. We find no such fraud in the sale as made in 1876 as would justify us in setting aside the sale and the deed then made to Swartzell. As the debt was *bona fide* and due and unpaid, and the property had been duly advertised, and Southey was informed thereof, we must, after the great lapse of time between the sale and the filing of suit, hold that the title to the property passed by the conveyance

made to Swartzell, notwithstanding the irregularities that may have occurred in declaring the property sold to him. Though not present he ratified the use that had been made of his name as a bidder at the sale and accepted the deed. The conveyance that he made to Martha McIntire passed the title to her, and his attempted cancellation of his deed to her and subsequent conveyance to the pretended Emma Taylor did not have the effect to divest it.

The title may then be treated as standing in Martha McIntire, without regard to the pretended conveyances to and from the fictitious Emma Taylor.

Notwithstanding the conduct of the McIntires in the invention of the said Emma Taylor, and the fraudulent use of the name in other cases, we do not find that the complainants in this case have any equity which, especially after such long and unexplained delay, entitles them to have the trustees' sale, made in December, 1876, annulled.

*The decree will therefore be affirmed, with costs to the appellees ; and it is so ordered.*